1  GLANCY BINKOW & GOLDBERG LLP
2  LIONEL Z. GLANCY (#134180)
   MARC L. GODINO (#182689)
3  1801 Avenue of the Stars, Suite 311
4  Los Angeles, California 90067
   Telephone: (310) 201-9150
5  Facsimile: (310) 201-9160
6  E-mail: info@glancylaw.com

7  *Attorneys for Plaintiff*

8

9

10

11            **UNITED STATED DISTRCIT COURT**

12            **CENTRAL DISTRICT OF CALIFORNIA**

13

14  JOON KHANG, Individually and On      )   Case No.
15  Behalf of All Others Similarly Situated,  )   SACV11-00145 DOC(AE|Rx)
                                          )
16            Plaintiffs,                 )   **CLASS ACTION COMPLAINT**
                                          )
17      v.                                )
                                          )
18  POWER BALANCE, LLC                    )
                                          )
19            Defendant.                  )
                                          )
20                                        )   **JURY TRIAL DEMANDED**
                                          )
21                                        )

22

23

24

25

26

27

28

              **CLASS ACTION COMPLAINT**

Plaintiff, Joon Khang ("Plaintiff" or "Khang"), individually and on behalf of all other persons similarly situated as defined Below, brings this action against Defendant, Power Balance, LLC ("Power Balance" or the "Company"), and alleges as follows.

## INTRODUCTION

1.      This is a proposed or putative class action brought on behalf of a nation-wide class of consumers who purchased Power Balance Wristbands, Power Balance Bracelets, and any other Power Balance jewelry[1] (the "Class").  Plaintiff alleges that the Company's marketing, advertising, selling, promoting and distributing of Power Balance Products relies on deceptive and misleading claims which as Power Balance recently admitted, are unsupported by any scientific evidence.

2.      Power Balance was founded in January 2007 and is located in Orange County, California.  The typical retail cost for Power Balance Products is $29.95.

3.      Among other things, the Company claims that the hologram technology in its Power Balance Products provides the following benefits: (a) increase balance & strength; (b) optimize your body's natural energy field; (c) blocks harmful cell phone radiation; (d) increase flexibility and range of motion; (e) relieve of stress and tension; and (f) better focus and alertness.

4.      Regarding its products, Power Balance further claims: (a) to "bring science and nature together;" (b) that its products are based on revolutionary "Performance Technology designed to work with your body's natural energy field;" (c) that Power Balance is based on the idea of "optimizing the body's natural energy flow," and (d) that "the hologram in Power Balance [Products] is designed to resonate with and respond to the natural energy field of the body."

---

[1] Herein referred to as "Power Balance Products."

**CLASS ACTION COMPLAINT**

5.    In addition, Power Balance makes a number of representations on its website under the FAQs ("Frequently Asked Questions") section which include the following:

- **What is Power Balance?**  Power Balance is Performance Technology designed to work with your body's natural energy field.  Founded by athletes, Power Balance is a favorite among elite athletes for whom balance, strength and flexibility are important.

- **What Does it do?**  The Power Balance bracelet contains a Mylar hologram designed to react with the body's natural energy flow.

- **How Does the Hologram Work?**  Power Balance is based on the idea of optimizing the body's natural energy flow, similar to concepts behind many Eastern philosophies.  The hologram in Power Balance is designed to respond to the natural energy field of the body.  The Mylar material at the core of Power Balance has been treated with energy waves at specific frequencies.  The resulting Mylar is believed to resonate and work with your body's natural energy flow to help enable you to perform at the best of your ability.

- **Why Was Power Balance Created?**  For centuries many people – including practitioners of many Eastern philosophies – have practiced different methods to seek to optimize the body's natural energy flow.  Power Balance was created as an easy and affordable method for the public to enjoy.  The idea and subsequent investigation of ways to seek to optimize the body's energy flow is not a new concept.  It has been pursued in many ways over hundreds of years.  Power Balance has created products designed to respond with your body's natural energy flow in a simple and affordable way.

- **Where/How is it Made?**  The holograms are purchased and programmed in the USA.  The silicone/neoprene wristbands are manufactured in China.

- **How Long Does It Last?**  The holograms are designed to last indefinitely.

- **Why Does The Neoprene Wristband Only Have One Hologram While The Silicone Band Has Two?**  Both Wristbands have two holograms.  A second programmed hologram is embedded in the underside of the neoprene band.

6.    Based on these representations, Defendants have achieved remarkable financial success through the promotion of Power Balance Products.  In fact, the Company has generated as much as $35 million in revenue in 2010.

3

**CLASS ACTION COMPLAINT**

7.   However, on November 21, 2010, the *Sunday Age* (Melbourne, Australia), in an article entitled "TGA Gives A Slap On The Wristband," reported the following concerning misleading statements associated with Power Band Products:

> ***The distributors of the popular Power Balance wristbands have been ordered to drop "misleading" claims that they improve flexibility, balance and strength.***[2]   The Therapeutic Goods Complaints Resolution Panel found there was ***no evidence*** that the wristbands used by sports stars including AFL players Brendan Fevola and Jack Riewoldt helped to improve performance. ***The panel said the claims were false and misleading and breached the therapeutic goods advertising code.***

> It demanded they be withdrawn and a retraction published on the Power Balance website by tomorrow week.  AFL spokesman Patrick Keane said it would be up to individual players to decide if they continued using the bands following the panel's ruling.  The AFL Players Association's Ben Hart said players would be alerted to the panel's findings.  "Despite this, there is also a widespread understanding that the bands have not been scientifically proven. At the end of the day, it's a personal choice wear this kind of equipment," he said.  The wristbands developed in California are imported into Australia by two Melbourne businessmen, Tom O'Dowd and Sean Condon, and sold in more than 700 outlets across the country.  The three-millimetre-thick silicone bands with two hologram discs - which the distributors claim are "embedded with frequencies that react positively with your body's natural energy field" - sell for $59.95 and a pendant version for $90.  Power Balance Australia has sold millions of dollars' worth of the bands since the company, based in Port Melbourne, was set up in August last year. Mr O'Dowd, a carpenter by trade, denies the wristbands are a scam, saying they come with a 30-day money-back guarantee.  Paid product ambassadors include Fevola, NRL star Benji Marshall, racing car driver Rubens Barrichello, basketballer Andrew Bogut and Bondi Beach lifeguards.  ***The complaints panel found Power Balance should not have published an advertisement for the wristbands on its website "which unlawfully made claims . . . about the body's 'electric balance' and improving 'synaptic response', brain function, muscle response, stamina, oxygen uptake, recovery, flexibility and 'gravitational balance'".  The panel said Power Balance "provided no evidence to support any of the claims . . . and no indication that such evidence exists."  In response, Power Balance acknowledged it had breached the code. "Since the time of the complaint, the relevant claims had been removed from the website," the company said.***  The panel investigated the bands following a complaint from La Trobe University public health researcher Ken Harvey after he read a Sunday Age report in June.  Dr Harvey said he welcomed the panel's findings but was worried that Power Balance would ignore the ruling because both the panel and the TGA were seen to be paper tigers.  Under the Therapeutic Goods Act, there is no provision for the TGA to impose civil penalties for breaches of the advertising code.  The TGA can only remove products from the register and

[2] At all times, emphasis is added unless otherwise indicated.

**CLASS ACTION COMPLAINT**

1    refer repeated breaches of the advertising code to the Commonwealth Director
     of Public Prosecutions for criminal prosecution.

2         8.    Thereafter, on December 22, 2010, the *International Business Times*

3    *News* reported, in an article entitled "ACCC Calls Power Balance a Scam":

4         Popular athletes wear and endorse them purportedly to enhance their
          competitive skills but Choice merely labelled the rubber wristband as a waste
5         of money and now ***Australia's consumer watchdog calls the product as***
          ***nothing but a scam.***

6
          Power Balance has been claiming that its sports bracelet provides balance,
7         strength and flexibility by working through its owners' natural energy prowess
          but that assertion has been watered down by the manufacturer's recent
8         admission that no science could back such benefits.

9         ***As a result, the Australian Competition and Consumer Commission (ACCC)***
          ***is ordering Power Balance Australia to refund all customers wanting to***
10        ***return the product, with ACCC chair Graeme Samuel declaring in his***
          ***Thursday statement that rubber wristband carries "no credible scientific***
11        ***basis for the claims and therefore no reasonable grounds for making***
          ***representations about the benefits of the product."***
12
          Power Balance currently retails at $29.90, according to the product's online
13        site, and is worn by well-known sports figures such as Brendan Fevola, Kevin
          Pietersen and Nick Riewoldt.
14
          ***Samuel said that Power Balance's false claims are directly violating the***
15        ***provisions of the Trade Practices Act of 1974, which explicitly prohibits***
          ***deceptive and misleading advertisement of products sold in Australia.***
16
          ***As such, continued marketing and selling of the product with deliberate***
17        ***deception by local retailers would constitute regulatory action from the***
          ***ACCC, according to Samuel.***
18
          Consumer advocacy group Choice listed Power Balance to its Shonky awards
19        this year as it declared that tests conducted on the product merely confirmed
          suspicions that the rubber wristband was more effective in emptying a
20        person's pocket than enhancing his athletic ability.

21        ***Also, Power Balance has admitted in November that it may have violated the***
          ***therapeutic goods advertising code and proceeded in striking out such***
22        ***claims on its Australian official website.***

23        9.    Yet despite these revelations, Power Balance continues to tout its
24
     products without any scientific evidence in support of its claims.  As reported on
25
     *Business Wire* on January 4, 2011, in an article entitled "Power Balance LLC Issues
26

27

28                                         5

1  Statement Regarding the Global Defense of the Power Balance Brand," the

2  Company made the following statements:

3     Keith Kato, President, Power Balance LLC today made the following
       statement regarding The Global Defense of the Power Balance Brand:
4
       To: Power Balance Partners
5
       From: Keith Kato, President, Power Balance LLC
6
       Subject: The Global Defense of the Power Balance Brand
7
       Power Balance products work.   The existing reports out there are
8      fundamentally incorrect. Power Balance did not make any claims that our
       product does not perform.
9
       We are committed to bringing our performance technologies to every athlete
10     in the world from professional to amateur to recreational.  Our community of
       believers continues to grow each week.   While our previous claims in
11     marketing ads are not up to Australia's ACCC standards - we stand behind our
       products.  The belief of thousands of consumers and athletes who wear our
12     products are not wrong.

13     A preliminary study recently conducted on the product's performance
       variables was commissioned and the findings have determined that the product
14     does in fact provide a "statistically significant" result on the wearer's
       performance.   We are committed to further evaluating the product's
15     performance parameters so that we can continue to provide products that
       enhance the wearer's lifestyle.
16
       Numerous actual consumer testimonies supporting the wristbands'
17     performance were provided to the ACCC by Power Balance.  Despite that,
       they requested Power Balance remove marketing claims until it could provide
18     them with their narrow criteria of randomized, double-blind scientific studies
       that supports the use of those marketing phrases.
19
       Power Balance voluntarily agreed to stop using those phrases.  Power Balance
20     believes and wants users to believe that we will do whatever it takes to
       appropriately, and with honor and integrity make our products available to
21     every consumer in every market in the world.

22     If you have questions, please feel free to contact us.

23     Best Regards, Keith Kato, President, Power Balance LLC

24        10.   In response to the Company's statement, on January 5, 2011, the

25  *Orange County Register,* in an article titled "Company Defends Bracelet," reported

26  as follows:

27

28
─────────────────────────────────────
**CLASS ACTION COMPLAINT**

*Power Balance, the Laguna Niguel-based company that acknowledged on its Australian website that there's no "credible scientific evidence" supporting the company's claims about its hologram bracelets, issued a new statement standing by the products.*

"Power Balance products work," the statement says. "The existing reports out there are fundamentally incorrect. Power Balance did not make any claims that our product does not perform."

The company had drawn the ire of Australia's regulators for claiming that the wristbands and pendants use the body's "natural energy field" to improve wearers' balance, strength and flexibility.

*Last month, Power Balance acknowledged on its Australian website that "there is no credible scientific evidence that supports our claim," and that it engaged in misleading conduct outlined in Australian consumer law. The company has withdrawn the advertising claims and is offering consumers in that country a refund if they feel they've been misled.*

The company began selling bracelets in 2007 embedded with holograms that were purportedly designed to interact with the body's natural energy flow.

Josh Rodarmel, who co-founded Power Balance with his brother Troy, said the technology behind the device was based on Eastern philosophy to allow users to achieve their best. "It absolutely is never to be a substitute for hard work," Rodarmel said. "It's about making you the best you can be."

The colorful wristbands, which sell for $29.95, have been donned by Lamar Odom of the Los Angeles Lakers and soccer star David Beckham. The company expects more than $35 million in sales in 2010.

*Some doctors have attributed reported benefits to a placebo effect. Recently, The Orange County Register wrote about two Vanguard University basketball players who tested the bracelets and found that they performed no better than fakes.*

*The Australian Competition and Consumer Commission said that Power Balance's claims "were likely to mislead consumers into believing that Power Balance products have benefits that they do not have."*

11.    Moreover, like many products of dubious origin and quality, Power Balance Products "money back guarantee" is also misleading. The Company's website touts a 30-day guarantee, stating in bold type: **"30 DAY UNCONDITIONAL MONEY BACK GUARANTEE."** However, this "guarantee" is not what it claims.

12.    The fine print of the Company's website reveals that Power Balance Products are not risk free because certain charges are not refundable. Specifically,

CLASS ACTION COMPLAINT

1 │ the website states: "Proof of purchase required.  Refunds and exchanges are accepted

2 │ for purchases made directly from PowerBalance.com or at an Authorized Power

3 │ Balance Even within the United States.  For product purchased at an Authorized

4 │ Retailer, see refund and exchange rules and regulations as provided by that retailer.

5 │ *Shipping and Handling charges are non-refundable.*"

6 │      13.    In sum, Power Balance Products *do not* come close to providing the

7 │ Company's claimed benefits and the Company's "money back guarantee" is *not*

8 │ unconditional and does not make Class members whole if they are unsatisfied with

9 │ Power Balance Products and the claims associated with those products.

10 │                                    **PARTIES**

11 │      14.    Plaintiff Joon Khang is a resident of the State of California residing in

12 │ Orange County, California.  Plaintiff purchased a Power Balance Product in 2010.

13 │      15.    Defendant Power Balance is a California company with has its principal

14 │ place of business in Laguna Niguel, California.

15 │                          **JURISDICTION AND VENUE**

16 │      16.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331

17 │ because this action arises under the constitution or laws of the United States and

18 │ §1332(d)(2) because the matter in controversy, upon information and belief, exceeds

19 │ $5,000,000, exclusive of interest and costs, and this is a class action in which the

20 │ Class members and Defendants are citizens of different states.

21 │      17.    Substantial acts which give rise to the causes of action asserted herein

22 │ occurred within this State and this judicial district.

23 │      18.    Venue is proper in this Court because Plaintiff resides in this District,

24 │ and many of the proposed Class members are residents of this District.  Pursuant to

25 │ 28 U.S.C. §1391(c), Power Balance is deemed to reside in this District because it is

26 │ subject to personal jurisdiction in this District and because Power Balance has

27 │

28 │

**CLASS ACTION COMPLAINT**

1   continuous and systematic contacts with this State by selling Power Balance
2   Products in California to residents of this District.

3                           **CLASS ACTION ALLEGATIONS**

4          19.   Plaintiff brings this action on his own behalf and on behalf of a Class of
5   all other persons similarly situated, pursuant to the provisions of Rule 23 of the
6   Federal Rules of Civil Procedure.

7          20.   Plaintiff seeks certification of a Class of consumers in the United States
8   targeted by Power Balance as part of its marketing schemes, and who paid for Power
9   Balance Products.

10         21.   Excluded from the proposed Class is Power Balance and any person,
11  firm, trust, corporation or other entity related to or affiliated with Power Balance, as
12  well as the Judge(s) assigned to this case.  On information and belief, the Class is
13  composed of at least tens of thousands of persons who purchased Power Balance
14  Products, the joinder of which in one action would be impracticable.

15         22.   The disposition of the claims of the proposed Class members through
16  this class action will benefit both the parties and the Court.  While the exact number
17  of Class members is unknown to Plaintiff at this time and can only be ascertained
18  through appropriate discovery, Plaintiff is informed and believes, and on that basis
19  alleges, that thousands of persons are members of the Class.

20         23.   There is a well-defined community of interest in the questions of law
21  and fact involved affecting the members of the Class.  The questions of law and fact
22  common to the Class predominate over questions affecting only individual Class
23  members, and include, but are not limited to, the following:

24              a) Whether Power Balance's marketing scheme as alleged herein is
25                 misleading, deceptive, unlawful and/or unfair in violation of
26                 California's Unfair Competition Law ("UCL") and Consumer Legal
27                 Remedies Act ("CLRA");

28
                                            9

b) Whether Plaintiff and the Class members are entitled to restitution of all amounts wrongfully acquired by Power Balance through their common and uniform scheme;

c) Whether Plaintiff and the Class members are entitled to injunctive relief requiring the disgorgement of all wrongfully collected fees by Power Balance;

d) Whether Plaintiff and the Class members are entitled to prospective injunctive relief enjoining Power Balance from continuing to engage in the misleading, deceitful, unlawful and unfair common scheme as alleged herein; and

e) Whether Plaintiff and the Class members are entitled to recover compensatory and punitive damages as a result of Power Balance's wrongful scheme.

24.     Plaintiff asserts claims that are typical of the Class, having all been targeted by Power Balance as consumers who purchased Power Balance Products. Plaintiff and the Class members have similarly suffered harm arising from Defendants' violations of the law as alleged herein.

25.     Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class members he seeks to represent. Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff's interests are not antagonistic to those of the Class members.  Plaintiff has retained counsel competent and experienced in the prosecution of class litigation

26.     A class action is superior to other available means for the fair and efficient adjudication of Plaintiff's and the Class members' claims.  Plaintiff and members of the Class have suffered irreparable harm as a result of Power Balance's misleading, deceitful, unlawful, and unfair conduct.  Because of the size of the individual Class members' claims, few, if any, Class members could afford to seek

1  legal redress for the wrongs complained of herein.  Absent the class action, Class

2  members will continue to suffer losses, the violations of the law described herein

3  will continue without remedy, and Power Balance will be permitted to retain the

4  proceeds of their misdeeds.  Power Balance continues to engage in the unlawful,

5  unfair, and unconscionable conduct that is the subject of this Complaint.

6  **FIRST CAUSE OF ACTION**
**(Violation of Business & Professions Code §§17200, *et seq*.)**

7

8      27.   Plaintiff realleges and incorporates herein by reference each of the

9  foregoing paragraphs, and further alleges as follows.

10      28.   Plaintiff asserts this cause of action on behalf of himself and those

11  similarly situated residing within the United States.

12      29.   The Unfair Business Practices Act defines unfair business competition

13  to include any "unfair," "unlawful," or "fraudulent" business act or practice.

14  California Business & Professions Code §17200, *et seq*.  The Act also provides for

15  injunctive relief and restitution for violations.

16      30.   Power Balance's misleading marketing scheme related to its Power

17  Balance Products violated the Consumer Legal Remedies Act and is therefore

18  unlawful pursuant to California Business & Professions Code §17200, *et seq*.

19      31.   Power Balance's deceptive marketing scheme related to its Power

20  Balance Products constitutes unfair practices within the meaning of California

21  Business & Professions Code §17200, *et seq*. in that the harm to Plaintiff and the

22  Class arising from Power Balance's conduct outweighs the utility, if any, of those

23  practices

24      32.   Plaintiff and members of the Class have suffered injury and actual out

25  of pocket losses as a result of Power Balance's unfair and unlawful business acts and

26  practices because: (i) Plaintiff and the Class were induced to purchase an unproven,

27

28

11
**CLASS ACTION COMPLAINT**

1  misrepresented product; and (ii) Plaintiff and the Class were induced to pay
2  substantially more for this product than they would have paid if its true
3  characteristics had not been concealed or misrepresented.

4      33.   Power Balance's acts and practices as described herein have deceived
5  and/or are likely to deceive members of the consuming public.

6      34.   As a result of the conduct described above, Power Balance has been and
7  will be unjustly enriched at the expense of Plaintiff and members of the proposed
8  Class. Specifically, Power Balance has been unjustly enriched by the profits from
9  consumers who purchased Power Balance Products.

10      35.   Pursuant to California Business & Professions Code §§17203, Plaintiff
11  seeks an order of this Court for Power Balance to fully disclose the true nature of its
12  misrepresentations. Plaintiff additionally requests an order requiring Power Balance
13  to disgorge their ill-gotten gains and award Plaintiff full restitution of all monies
14  wrongfully acquired by Power Balance by means of such acts of unfair competition,
15  plus interest and attorneys' fees so as to restore any and all monies to Plaintiff and
16  members of the proposed Class which were acquired and obtained by means of such
17  unfair competition, misrepresentations and omissions, and which ill-gotten gains are
18  still retained by Power Balance. Plaintiff and members of the proposed Class may be
19  irreparably harmed and/or denied an effective and complete remedy if such an order
20  is not granted.

21      36.   Power Balance, through its acts of unlawful and unfair competition, has
22  acquired money from Plaintiff and the members of the proposed Class. Thus,
23  Plaintiff and the members of the proposed Class request that this Court restore this
24  money to them, and enjoin Power Balance from continuing to violate California
25  Business & Professions Code §17200, *et seq.*, as discussed above.

26      37.   Such conduct is ongoing and continues to this date. Plaintiff and the
27  proposed Class members are therefore entitled to the relief described below.

28

1    38.    Plaintiff seeks reasonable attorneys' fees pursuant to, *inter alia*, Code of

2    Civil Procedure, §1021.5.

3                          **SECOND CAUSE OF ACTION**

4    **(Consumer Legal Remedies Act, California Civil Code §1750 *et seq.*)**

5    39.    Plaintiff realleges and incorporates herein by reference each of the

6    foregoing paragraphs, and further alleges as follows.

7    40.    At all relevant times, Plaintiff was a "consumer," as that term is defined

8    in Civ. Code §1761(d).

9    41.    At all relevant times, the Power Balance Products constituted "goods,"

10   as that term is defined in Civ. Code §1761(a).

11   42.    At all relevant times, Power Balance was a "person," as that term is

12   defined in Civ. Code §1761(c).

13   43.    At all relevant times, Plaintiff's purchase of the Power Balance Products

14   constituted a "transaction," as that term is defined in Civ. Code § 1761(e).

15   44.    The policies, acts, and practices described in this Complaint were

16   intended to and did result in the sale of the Power Balance Products to consumers.

17   By offering Power Balance Products to the public, Power Balance made

18   misrepresentations about its Power Balance Products.

19   45.    Power Balance's practices, acts, policies, and course of conduct violated

20   the California Consumer Legal Remedies Act, California Civil Code §1750 *et seq.*,

21   (the "CLRA"), in that Power Balance represented that its Power Balance Products

22   had uses and benefits which they do not have, in violation of §1770(a)(5) of the

23   CLRA.

24   46.    Power Balance's practices, acts, policies, and course of conduct violated

25   the CLRA in that Power Balance represented that its Power Balance Products were

26

27

28

**CLASS ACTION COMPLAINT**

1 | of a particular standard, quality, or grade, when they were of another, in violation of
2 | §1770(a)(7) of the CLRA.

3 |     47.   Power Balance's practices, acts, policies, and course of conduct violated
4 | the CLRA in that Power Balance advertised its Power Balance Products with intent
5 | not to sell them as advertised in violation of §1770(a)(9) of the CLRA.

6 |     48.   Power Balance represented that its 30-day money back guarantee
7 | confers or involves rights, remedies, or obligations which it does not have or involve,
8 | in violation of §1770(a)(14) of the CLRA.

9 |     49.   Plaintiff seeks restitution of all monies received by Power Balance as a
10 | result of sales of Power Balance Products as provided in California Civil Code
11 | §1780.   Plaintiff is informed and believes that the amount of said restitution is
12 | unknown at this time, but will seek relief to amend this complaint at the time of trial
13 | when the same has been ascertained.

14 |     50.   Plaintiff seeks injunctive relief for the CLRA claims alleged in this
15 | Complaint. Plaintiff's counsel has served on Power Balance, contemporaneously
16 | with the filing of this Complaint, a CLRA notice letter in accordance with California
17 | Civil Code §1782(a).   Plaintiff will amend this Complaint to assert claims for
18 | additional relief under the CLRA in the event Power Balance does not rectify these
19 | issues within the appropriate time period outlined in the CLRA.

### THIRD CAUSE OF ACTION
### (Unjust Enrichment)

22 |     51.   Plaintiff restates and realleges the preceding paragraphs of the
23 | Complaint as though fully set out here.

24 |     52.   In selling Power Balance Products, Power Balance has unjustly enriched
25 | itself.

26 |     53.   Power Balance's retention of revenue from the sale of Power Balance
27 | Products violates fundamental principles of justice, equity and good conscience.

28 |

**CLASS ACTION COMPLAINT**

1   54.   As a result of Power Balance's actions, which constitute unjust

2   enrichment, Plaintiff and Class members suffered actual damages, for which Power

3   Balance is liable. Power Balance's liability for such damages should be measured by

4   the extent of Power Balance's unjust enrichment.

5                              **PRAYER FOR RELIEF**

6   WHEREFORE, Plaintiff, on behalf of himself and on behalf of the members

7   of the Class defined herein, prays for judgment and relief on all Causes of Action as

8   follows:

9   A.   An order certifying that the action may be maintained as a class action

10   as defined wherein;

11   B.   A temporary, preliminary and/or permanent order:

12   1.   Enjoining Power Balance from pursuing the policies, acts and

13   
14   practices complained of herein;

15   2.   Enjoining the above-described wrongful acts and practices of

16   Power Balance; and

17   3.   Providing restitution to all consumers who improperly incurred

18   
19   costs as a result of Power Balance's wrongdoing.

20   C.   An order requiring disgorgement of Power Balance's ill-gotten gains,

21   
22   paying of restitution to Plaintiff and all members of the proposed Class, and to

23   restoring all funds acquired by means of any act or practice declared by this Court to

24   be an unlawful, fraudulent or unfair business act or practice, a violation of laws,

25   
26   statutes or regulations, or constituting unfair competition;

27   

28

1    D.    For distribution of any moneys recovered on behalf of members of the

2  proposed Class, via fluid recovery or cy pres recovery where necessary to prevent

3  Power Balance from retaining the benefits of its wrongful conduct;

4

5    E.    Reasonable attorneys' fees pursuant to, *inter alia*, Code of Civil

6  Procedure, §1021.5 and the CLRA;

7

8    F.    Costs of this lawsuit;

9    G.    Pre- and post-judgment interest; and

10    H.    Such other and further relief as the Court may deem necessary or

11  appropriate.

12

13                    **DEMAND FOR JURY TRIAL**

14

15    Pursuant to Rule 38(a) of the Federal Rules of Civil Procedure, Plaintiffs

16  demand a jury trial as to all issues triable by a jury.

17  Dated:  January 25, 2011                Respectfully submitted,

18

19                                GLANCY  BINKOW  &  GOLDBERG
                                  LLP
20
                                  By:_____
21                                Marc L. Godino
                                  Lionel Z. Glancy
22                                1801 Avenue of the Stars, Suite 311
                                  Los Angeles, CA 90067
23                                Telephone: (310) 201-9150
                                  Facsimile:  (310) 201-9160
24                                Email:  info@glancylaw.com
25
                                  *Attorneys for Plaintiff*
26

27

28                              16
                    **CLASS ACTION COMPLAINT**

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| JOON KHANG, Individually and On Behalf of All Others Similarly Situated, | POWER BALANCE, LLC |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Marc. L. Godino (#182689)<br>Glancy Binkow & Goldberg LLP<br>1801 Avenue of the Stars, Suite 311, Los Angeles, CA 90067, T. (310) 201-9150 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant
☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☑ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☑ Yes ☐ No     ☐ **MONEY DEMANDED IN COMPLAINT: $** to be proved

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Violation of Business & Professions Code §§17200, et seq., California Civil Code §1750 et seq,

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| | ☐ 151 Medicare Act | | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | CIVIL RIGHTS | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | | ☐ 441 Voting | | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | SOCIAL SECURITY |
| ☑ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | REAL PROPERTY | IMMIGRATION | | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 240 Torts to Land | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | |
| | ☐ 290 All Other Real Property | | | | |

**SACV11-00145**

FOR OFFICE USE ONLY:     Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☐ No ☑ Yes
If yes, list case number(s): 8:11-cv-00018-CJC -MLG, 8:11-cv-00025-CJC -MLG, 8:11-cv-00049-CJC -MLG & 8:11-cv-00075-CJC -MLG

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☑ A. Arise from the same or closely related transactions, happenings, or events; or
  ☑ B. Call for determination of the same or substantially related or similar questions of law and fact; or
  ☑ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
  ☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| 14. Plaintiff Joon Khang  - Orange County, CA | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| 15. Defendant Power Balance LLC - Orange County | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
  Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____    Date January 25, 2011

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge David O. Carter and the assigned discovery Magistrate Judge is Alicia G. Rosenberg.

The case number on all documents filed with the Court should read as follows:

## SACV11- 145 DOC (AGRx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===========================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[ ] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[X] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

Name & Address:
Marc L. Godino (#182689)
GLANCY BINKOW & GOLDBERG LLP
1801 Avenue of the Stars, Suite 311
Los Angeles, CA 90067
Tel.: (310) 201-9150

**FOR OFFICE USE ONLY**

## UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOON KHANG, Individually and On Behalf of All Others Similarly Situated, <br><br> PLAINTIFF(S) <br><br> v. <br><br> POWER BALANCE, LLC <br><br> DEFENDANT(S). | CASE NUMBER <br><br> **SACV11-00145** DOC (AGRx) <br><br><br> **SUMMONS** |

TO:   DEFENDANT(S): POWER BALANCE, LLC

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer or motion must be served on the plaintiff's attorney, __Marc L. Godino_____, whose address is __1801 Avenue of the Stars, Suite 311, Los Angeles, CA 90067, Tel.: (310) 201-9150__. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: ___JAN 2 5 2011___

By: _____
**JULIE PRADO**
Deputy Clerk

(Seal of the Court)

SEAL

[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].

**FOR OFFICE USE ONLY**